## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KENNETH D. ALPART | : | |
| and | : | |
| | : | |
| LYNETTE KERRANE and ERIC WOJCIKIEWICZ, Trustees of the GST NON-EXEMPT QTIP MARITAL TRUST and LYNETTE KERRANE, individually, | : : : : | |
| | : | |
| Plaintiffs, | : | Civil Action No.: 07-4457 |
| | : | |
| v. | : | |
| | : | |
| GENERAL LAND PARTNERS, INC. | : | |
| | : | |
| CREEK ROAD DEVELOPMENT GROUP, L.P. | : : | |
| | : | |
| CREEK ROAD DEVELOPMENT GROUP, INC. | : : | |
| | : | |
| TRACY MIGNATTI, individually and as Executrix of the ESTATE of THEOPHILE J. MIGNATTI III | : : : | |
| | : | |
| THEOPHILE J. MIGNATTI, JR. | : | |
| | : | |
| and | : | |
| | : | |
| STEVE MCKENNA | : | |
| | : | |
| Defendants. | : | |

### AMENDED COMPLAINT

Plaintiffs Kenneth D. Alpart ("Alpart"), Lynette Kerrane and Eric Wojcikiewicz ("Wojcikiewicz") as Trustees of the GST Non-Exempt QTip Marital Trust ("Plaintiff Trustees" and "Plaintiff Trust") and Lynette Kerrane, individually (collectively, "Plaintiffs"), through their undersigned counsel, file this Amended Complaint against Defendants General Land Partners, Inc. ("General Land Partners"), Creek Road Development Group, L.P.("Creek Road Partnership"), Creek Road Development Group, Inc. ("Creek Road Corporation"), Tracy

Mignatti , individually and as Executrix of the Estate of Theophile J. Mignatti III ("Estate") ,

Theophile J. Mignatti, Jr. ("Ted Mignatti, Jr."), and Steve McKenna ("McKenna") (collectively,

"Defendants") and in support thereof aver as follows:

## PRELIMINARY STATEMENT

Plaintiffs bring this action to recover damages against Defendants who have

wrongfully acted to deprive them of millions of dollars in profits to which they are entitled as a

result of their investment in a successful real estate development project.  In 1994, Alpart, Daniel

M. Kerrane, Jr. ("Dan Kerrane") and Theophile J. Mignatti, III ("Ted Mignatti III"), who were

close personal friends, entered into an agreement to purchase certain land in Bucks County,

Pennsylvania through a limited partnership which was formed for that purpose.  Under the

agreement, Alpart and Dan Kerrane were to provide funds to acquire the land, in exchange for

which they would receive a specified percentage of "land profits" from its subsequent resale, and

a specified share of "building profits" if the land were resold to and developed by a company

related to the real estate development business in which Ted Mignatti III, or other members of

his family, were involved.  The land was purchased in accordance with the terms of the

agreement.  Subsequently, both Dan Kerrane and Ted Mignatti III passed away.  Thereafter

Defendants, through their control of the general partner of the limited partnership, did resell the

land to a Mignatti related development company, but at less than the required fair market value,

thereby diminishing the amount of Plaintiffs' interest in the land profits.  In addition, Defendants

have unilaterally changed the terms of the original agreement by informing Plaintiffs that their

share of both the land profits and the building profits has been reduced.  To accomplish these

objectives, Defendants have ignored the terms of the original agreement, and engaged in a

concerted scheme that involves concealment, self-dealing and breach of their fiduciary

responsibilities to Plaintiffs.

2

## PARTIES

1.        Plaintiff Alpart is, and was on the date when this action was commenced, a citizen of the state of New York residing at 259 Bowery, Apt. 4, New York, NY 10002.

2.        Plaintiff Trustees are, and were on the date when this action was commenced, citizens of the state of Illinois with Lynette Kerrane residing at 1550 Asbury Avenue, Winnetka, Illinois, 60093, and Wojcikiewicz residing at 409 E. Chicago Avenue, Naperville, Illinois 60540.

3.        Plaintiff Trustees bring this action on behalf of the beneficiary of Plaintiff Trust which has its legal situs in the state of Illinois.

4.        Lynette Kerrane is the widow of Dan Kerrane, who passed away on October 28, 2002, and sole beneficiary of the Plaintiff Trust.

5.        Dan Kerrane, at the time of his death, was a citizen of the state of Illinois.

6.        Plaintiff Trustees and Plaintiff Lynette Kerrane, each alone and/or jointly, are the successors in interest to the rights and interests of Dan Kerrane referred to herein, including his interests as a limited partner in LC Associates, L.P. ("LC Partnership"), and as a member of Kam2 Enterprises, L.L.C. ("Kam2").

7.        Defendant General Land Partners is the general partner of LC Partnership and is, and was on the date when this action was commenced, a Pennsylvania corporation with its principal place of business at 110 Dawn Drive, Lansdale, PA 19446.

8.        Defendant Creek Road Partnership is a limited partnership formed and registered in the Commonwealth of Pennsylvania with its principal place of business at 2310 Terwood Drive, Huntingdon Valley, PA 19006.  Upon information and belief, the limited partners of Creek Road Partnership are, and were on the date when this action was commenced, citizens of the Commonwealth of Pennsylvania.

3

9.     Defendant, Creek Road Corporation is the general partner of Creek Road Partnership and is, and was on the date when this action was commenced, a Pennsylvania corporation with its principal place of business at 2310 Terwood Drive, Huntingdon Valley, PA 19006.

10.     Defendant, Tracy Mignatti is, and was on the date when this action was commenced, a citizen of the Commonwealth of Pennsylvania residing at 2400 Washington Lane, Huntingdon Valley, PA 19006.  Tracy Mignatti is the widow of Ted Mignatti III, who passed away on November 19, 2001, and Executrix of the Ted Mignatti III's Estate.  She is the successor in interest to the obligations of Ted Mignatti III referred to herein and, as such, a limited partner in both LC Partnership and Defendant Creek Road Partnership, and a member of Kam2.  Ted Mignatti, III, at the time of his death, was a citizen of the Commonwealth of Pennsylvania.

11.     Defendant Ted Mignatti Jr. is, and was on the date when this action was commenced, a citizen of the Commonwealth of Pennsylvania residing at 2251 Paper Mill Road, Huntingdon Valley, PA 19006, was father to Ted Mignatti III, and is and was at all times relevant to this action a limited partner in both LC Partnership and Defendant Creek Road Partnership, and a member of Kam2.

12.     Defendant McKenna is, and was on the date when this action was commenced, a citizen of the Commonwealth of Pennsylvania residing at 333 Chamounix Road, Wayne, PA 19087 who holds himself out to be president of the business trading as Mignatti Companies.  At all times relevant, McKenna was acting both on his own behalf and on behalf of, and with the authority of, the other Defendants in connection with the allegations set forth in this Amended Complaint.

4

13.     Defendants are each affiliated with a real estate development business comprised of various related individuals and entities, including the Defendants in this action, which collectively hold themselves out to the public and trade as Mignatti Companies with its principal place of business in the Commonwealth of Pennsylvania at 2310 Terwood Drive, Huntingdon Valley, PA 19006.  ("Mignatti Companies").  Plaintiffs believe, and therefore aver, that there may be additional individuals or entities, related to or affiliated with Defendants or Mignatti Companies, who are liable to Plaintiffs in connection with the claims set forth in this Complaint.  Plaintiffs intend to promptly join any further parties, as may be appropriate, as Defendants in this action, upon discovering their identities.

## JURISDICTION AND VENUE

14.     Defendants are either residents of this district or doing business in this district and elsewhere and are subject to the jurisdiction of this Court.

15.     Because Plaintiffs are domiciled in either New York or Illinois and Defendants have their domiciles in Pennsylvania and the amount in controversy is greater than $75,000, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332.

16.     Venue is proper within this judicial district under 28 U.S.C. § 1391.

17.     Pursuant to Local Civil Rule 53.2 § 3(c)(2), Plaintiffs certify their belief that the damages recoverable in this civil action, by each Plaintiff, exceed the sum of $150,000 exclusive of interest and costs.

## FACTUAL BACKGROUND

### The Original Agreement

18.     At all times relevant to this action, Alpart, Dan Kerrane and Ted Mignatti III were, and for many years had been, close personal friends.

5

19.     At all times relevant to this action, various members of Ted Mignatti III's family, including Defendant Ted Mignatti, Jr., are and were involved in the real estate development business trading as Mignatti Companies.

20.     Beginning in or around 1994, Alpart, Dan Kerrane, and Ted Mignatti III entered into certain agreements for the purpose of acquiring and potentially developing parcels of land in Warwick Township, Bucks County, Pennsylvania (the "Bucks County land"; and the "Bucks County Agreement") and Barnegat, New Jersey (the "Barnegat land"; and the "Barnegat Agreement").

21.     Under the terms of the both the Bucks County Agreement and the Barnegat Agreement, Alpart and Dan Kerrane were to, and did, invest capital to cover the land acquisition costs in exchange for which they would receive: (i) a return of their capital contributions; (ii) a specified percentage of the profits from resale of the land (the "land profits"); and (iii) if the land were resold to a building company related to Ted Mignatti Jr., Ted Mignatti III or one or more of the individuals or entities trading as Mignatti Companies (a "Mignatti-related company"), a specified percentage of the profits from development of the land (the "building profits").  The Agreements also provided that limited partnerships would be formed to acquire and ultimately resell the land.[1]

22.     Under the terms of the Bucks County Agreement, Alpart and Dan Kerrane were to receive fifty percent (50%) of the land profits (twenty-five percent (25%) each) and twenty-five percent (25%) of any building profits (twelve and one-half percent (12.5%) each).

---

[1]   This lawsuit involves Plaintiffs' claims that arise out of the Bucks County Agreement and pertain to the Bucks County limited partnership and land only.  A separate lawsuit regarding the Barnegat Agreement, limited partnerships and land has been filed by Plaintiffs in the United States District Court for the District of New Jersey.

The Bucks County Agreement further required that a fair market value be established to determine the transfer price and land profits if the land was sold to a Mignatti related company.

23.     The terms of the Bucks County Agreement, including those terms referred to in the preceding paragraph, were confirmed in a letter dated August 9, 1994 from Ted Mignatti III to Alpart and Dan Kerrane, ("August 1994 letter"), a copy of which is attached hereto as Exhibit "A."

### The Limited Partnership

24.     Pursuant to the Bucks County Agreement, LC Partnership was formed to acquire the Bucks County land.  (A copy of the Partnership Agreement for LC Partnership, hereinafter referred to as the "LC Agreement", is attached hereto as Exhibit "B").

25.     Under the LC Agreement, there were four limited partners, Alpart, Dan Kerrane, Ted Mignatti III, and Ted Mignatti Jr. (or, in the case of Dan Kerrane and Ted Mignatti III, at various times their respective successors in interest), each with a twenty-five percent (25%) interest in the limited partnership, and a general partner, General Land Partners.

26.     Under the LC Agreement generally, and Section 9.01 thereof in particular, distributions by LC to the limited partners were to be in proportion to their respective partnership ownership percentages.

27.     Under the LC Agreement generally, and Article IV thereof in particular, General Land Partners, as general partner, was given sole authority over the management and control of LC Partnership, including its acquisition and sale of land.

28.     When formed, General Land Partners listed Ted Mignatti III as its president, secretary, and treasurer and both LC Partnership and General Land Partners are now,

and were at all times relevant, operated and controlled by Defendants McKenna, Tracy Mignatti, and Ted, Mignatti Jr..

## The Land is Purchased

29.     Pursuant to the Bucks County Agreement, LC Partnership purchased approximately 276 acres of land in Warwick Township, Bucks County in or about August 1994.

30.     Pursuant to the Bucks County Agreement, Alpart and Dan Kerrane did provide capital for the LC Partnership to acquire the Bucks County land.

31.     Subsequently, Alpart, Dan Kerrane and Ted Mignatti III agreed to purchase an additional 32.56 acres of Bucks County land that was contiguous to the original parcel acquired by LC.  The additional land was acquired on or about October 4, 1999 by Kam2 which was formed in 1999 for that purpose.

32.     Alpart, Dan Kerrane, Ted Mignatti III, and Ted Mignatti Jr. (and/or, in the case of Dan Kerrane and Ted Mignatti III, their successors in interest) are members of Kam2, each with a twenty-five percent (25%) interest in that limited liability company.

33.     Alpart, Dan Kerrane and Ted Mignatti III agreed that the parcel acquired by Kam2 would be treated in the same manner as the initially acquired Bucks County land, i.e. that the terms and conditions of the Bucks County Agreement and the LC Agreement, including those terms set forth hereinabove, would apply equally to that parcel.

## Ted Mignatti III and Dan Kerrane Pass Away

34.     Ted Mignatti III passed away in November 2001, leaving Tracy Mignatti as his widow and successor in interest.

8

35.     Dan Kerrane passed away on October 28, 2002, leaving Lynette Kerrane as his widow and beneficiary of their marital trust, and Plaintiff Trustees and Lynette Kerrane, each alone and/or jointly as his successor in interest.

## McKenna Enters The Picture

36.     Defendant McKenna has, since at least December 2001, held himself out as president of the business trading as Mignatti Companies.

37.     It is believed and therefore averred that McKenna has a direct personal interest in the building profits generated by development of the Bucks County by a Mignatti related company.

38.     At all times relevant, McKenna was acting both on his own behalf and on behalf, and with the authority, of the other Defendants in connection with the allegations set forth in this Amended Complaint.

39.     Following Ted Mignatti III's death, Defendant McKenna, on his own behalf and on behalf of and with the authority of the other Defendants, has on various occasions communicated to Alpart and Dan Kerrane/Plaintiffs concerning the status and terms of their investments and limited partnership interests in LC Partnership.

40.     During the course of such communications, McKenna has acknowledged the existence and material terms, as set forth herein, of the Bucks County Agreement, the August 1994 letter, Exhibit "A" hereto, confirming that Agreement, and the LC Agreement and, in particular, those terms:  (i) requiring that fair market value be established to determine a transfer price if the land is sold to a Mignatti related company; and (ii) providing that twenty-five percent (25%) of the building profits be distributed to Alpart and Dan Kerrane in the event that such a transfer did occur.

9

### Defendants' Wrongful Conduct

**(i) Defendants Reduce Plaintiffs' Land Profits By Selling The Land to a Mignatti Related Company For Less Than Fair Market Value**

41.     On or about December 4, 2006, Plaintiffs were informed by McKenna that the Bucks Country land had been transferred from LC Partnership to Defendant Creek Road Partnership, a Mignatti related company, for the transfer price of $50,000 per lot.

42.     Plaintiffs believe, and therefore aver, that at all times relevant, Creek Road Partnership and Creek Road Corporation, its general partner, are and were operated and controlled by Defendants McKenna, Tracy Mignatti, and/or Ted Mignatti, Jr.

43.     Plaintiffs further believe and therefore aver that, at the time of said transfer, both LC Partnership and Creek Road Partnership, and their respective general partners, were operated and controlled by Defendants McKenna, Tracy Mignatti and/or Ted Mignatti, Jr..

44.     Upon information and belief, the Bucks County land, transferred to Creek Road Partnership, included a total of two hundred and ten (210) approved single family lots.

45.     Plaintiffs had no advance notice of the transfer of the Bucks County land to Creek Road Partnership.

46.     General Land Partners, as general partner of LC Partnership, transferred the Bucks County land to Creek Road Partnership without first establishing a fair market value to determine the transfer price and land profits, as was required under the Bucks County Agreement and by the fiduciary obligations owed to Plaintiffs as limited partners of LC Partnership.

47.     When transferred to Creek Road Partnership, the fair market value of the Bucks County land was, in fact, substantially more than $50,000 per lot transfer price.

48.     Plaintiffs believe and therefore aver that, based on the experience of , at a minimum, Defendants McKenna and Ted Mignatti, Jr., General Land Partners knew that it was transferring the land at below market value.

49.     Plaintiffs further believe, and therefore aver, that Defendants were otherwise aware that, at the time of the transfer, the fair market value of the Bucks County land was more than $50,000 per lot.

50.     Upon its transfer of the Bucks County land to Creek Road Partnership, LC Partnership realized certain land profits and Plaintiffs, as limited partners of LC Partnership, became entitled to receive their designated share of those profits in accordance with the Bucks County Agreement and the LC Agreement.

51.     Pursuant to the Bucks County Agreement, the amount of land profits payable to Plaintiffs is to be determined from the transfer price of the Bucks County land.

52.     Consequently, by transferring the Bucks County land to Creek Road Partnership for less than fair market value, Defendants intended to, and did, reduce the amount of land profits payable to Plaintiffs.

**(ii)   Transfer/Development of the Land Is Delayed, to the Detriment of Plaintiffs**

53.     During all or part of the period following the purchase of the Bucks County land by LC Partnership, Defendants McKenna, Tracy Mignatti, and Ted Mignatti, Jr., on their own behalf and/or as part of the businesses trading as Mignatti Companies, were engaged in construction of their "Heritage Creek" development, which is separate from, but adjacent to, the Bucks County land.  Plaintiffs are not invested in the Heritage Creek development.

54.     Plaintiffs believe, and therefore aver, that Defendants McKenna, Tracy Mignatti and Ted  Mignatti, Jr., acting on their own behalf and on behalf and with authority of

11

Defendants General Land Partners, Creek Road Partnership and/or Creek Road Corporation, wrongfully delayed the transfer and/or development of the Bucks County land, instead prioritizing development of Heritage Creek, in order to benefit themselves at the expense of Plaintiffs.

55.     Plaintiffs believe and therefore aver that, but for Defendants' delay in the transfer and development of the Bucks County land, they would have received substantial sums in both land profits and building profits prior to the commencement of this action.

**(iii)   Defendants Act To Reduce Plaintiffs' Share of the Building Profits**

56.     In or about 2006, despite having earlier acknowledged the terms of the agreement between Alpart, Dan Kerrane and Ted Mignatti III, McKenna unequivocally informed Plaintiffs, after the Bucks County land was transferred to the Mignatti related Creek Road Partnership, that Defendants will not distribute twenty-five percent (25%) of the building profits to Plaintiffs, as required by the Bucks County Agreement, but instead will make that distribution to the LC limited partnership.

57.     The distribution by Defendants of twenty-five percent (25%) of the building profits to LC Partnership, rather than directly to Plaintiffs, will increase the amount of such profits going to Ted Mignatti Jr. and Tracy Mignatti, as limited partners of LC Partnership, and decrease the amount of such profits distributed to Plaintiffs.

58.     Plaintiffs further believe, and therefore aver, that McKenna has a direct interest in the building profits that will be increased by distribution of the twenty-five percent (25%) to LC Partnership, and that this economic self-interest has caused McKenna to engage in the conduct more fully set forth herein.

59.     Construction has now begun on the Bucks County land development project and profit distributions to Plaintiffs from that project either should have commenced already, or are expected to commence in 2008.

### The Resulting Harm To Plaintiffs

60.     As a result of the transfer of the Bucks County land from LC Partnership to Creek Road Partnership for less than the required fair market value, the amount of land profits payable to Plaintiffs, which was determined at the time the land was transferred, has been reduced causing substantial financial harm to Plaintiffs as more fully set forth herein.

61.     As a result of the aforementioned delay by Defendants in the transfer and development of the Bucks County land, the amount of both land and building profits payable to Plaintiffs has been delayed and reduced causing substantial financial harm to Plaintiffs as more fully set forth herein.

62.     As a result of Defendants' stated plan to distribute twenty-five percent (25%) of the building profits to LC, rather than to Alpart and Dan Kerrane, each Plaintiff will receive only six and one-quarter percent (6 1/4 %) of those profits, rather than twelve and one half percent (12 1/2%) each as agreed.

63.     Defendants' conduct in reducing Plaintiffs' share of the building profits has caused, and in the future will continue to cause, substantial financial harm to Plaintiffs as more fully set forth herein.

### COUNT I
### BREACH OF FIDUCIARY DUTY
**(Plaintiffs v. General Land Partners, Tracy Mignatti, and Ted Mignatti, Jr.)**

64.     The averments in the preceding paragraphs of this Amended Complaint are incorporated herein by reference.

65.     As the general partner of LC Partnership, General Land Partners does now, and did at all times relevant, have a fiduciary duty, under both the LC Agreement and as a matter of law, to protect the interests of the limited partners, including Plaintiffs, and to manage the affairs of the partnership in a way that is fair and consistent with the best interest of said partners.

66.     Defendants Tracy Mignatti, personally and as successor in interest to Ted Mignatti, III, and Ted Mignatti, Jr. were, at all times relevant, actively involved in the management of LC Partnership, and their participation in the control of the business of such entities was substantially the same as the exercise of such powers by the general partners of such entities.

67.     By and through their control over the business affairs of LC Partnership and its general partner, and by their conduct on behalf of such entities, Defendants Tracy Mignatti and Ted Mignatti, Jr. also owed fiduciary duties to Plaintiffs.

68.     The fiduciary duties of General Land Partners, Tracy Mignatti, and Ted Mignatti, Jr. to Plaintiffs included the duty to establish a fair market value to determine a transfer price before selling the Bucks County land, to assure that the land was not transferred for less than fair market value, and to keep the limited partners informed.

69.     By transferring the Bucks County land to a Mignatti related company, General Land Partners , Tracy Mignatti, and Ted Mignatti, Jr. were engaged in a self interested transaction since both LC Partnership, as seller of the land, and Creek Road Partnership, as buyer of the land, were controlled in whole or in part by the same parties, those being Defendants Ted Mignatti, Jr., McKenna and Tracy Mignatti, each of whom had a personal financial interest in the transaction.

70.    Under such circumstances, General Land Partners, Tracy Mignatti, and Ted Mignatti, Jr. owed the highest duty of "total fairness" to Plaintiffs with respect to the sale of the Bucks County land.

71.    These three Defendants breached their fiduciary duties to Plaintiffs by, *inter alia:*

(a)    causing the Bucks County land to be transferred to a Mignatti related company without advance notice to Plaintiffs;

(b)    causing the Bucks County land to be transferred to a Mignatti related company without having first established a fair market value price for the land;

(c)    causing the land profits derived from the transfer price of the Bucks County land to be reduced by transferring the property to a Mignatti related company at less than fair market value;

(d)    establishing a distribution plan that has reduced Plaintiffs' shares of the building profits as set forth above; and

(e)    causing the transfer and/or development of the Bucks County land to be delayed by, *inter alia ,*construction of the Heritage Creek project.

72.    These three Defendants each personally benefited financially from the transfer of the Bucks County land at less than fair market value, to the detriment of Plaintiffs.

73.    As a direct and proximate result of the aforesaid conduct of said Defendants each Plaintiff has sustained and, in the future will continue to sustain, substantial financial losses and damages.

WHEREFORE, Plaintiffs each demand judgment against Defendants General Land Partners, Inc., Tracy Mignatti, and Theophile J. Mignatti, Jr. for compensatory damages in

the amount required to compensate them for their losses, punitive damages in an amount to be determined by the Court, and costs, interest and attorneys fees.

**COUNT II**
**BREACH OF CONTRACT**
**(Plaintiff v. Tracy Mignatti)**

74.     The averments in the preceding paragraphs of this Amended Complaint are incorporated herein by reference.

75.     Defendant Tracy Mignatti, personally and as successor in interest to Ted Mignatti, III, acting directly or by her authorized agents, breached the obligations owed to Plaintiffs under the Bucks County Agreement by, *inter alia*:

(a)     causing the Bucks County land to be transferred to a Mignatti related company without advance notice to Plaintiffs;

(b)     causing the Bucks County land to be transferred to a Mignatti related company without having first established a fair market value price for the land;

(c)     causing the land profits derived from the transfer price of the Bucks County land to be reduced by transferring the property to a Mignatti related company at less than fair market value; and

(d)     causing the transfer and/or development of the Bucks County land to be delayed by, *inter alia*, construction of the Heritage Creek project.

76.     Additionally, Defendant Tracy Mignatti has either repudiated or anticipatorily breached the Bucks County Agreement by absolutely and unequivocally informing Plaintiffs that Defendants will distribute to Plaintiffs less than their agreed share of the building profits.

77.     Plaintiffs and their predecessors in interest have, at all times relevant, fulfilled any obligations on their part under the Bucks County Agreement.

78.     As a direct result of the aforesaid conduct by Defendant Tracy Mignatti and/or her authorized agents , each Plaintiff has sustained and, in the future will continue to sustain, substantial financial losses and damages.

WHEREFORE, Plaintiffs each demand judgment against Defendant Tracy Mignatti in the amount required to fully compensate them for their losses, together with costs, interest and attorneys fees.

### COUNT III
### BREACH OF CONTRACT
### (Plaintiffs v. Tracy Mignatti, Ted Mignatti, Jr. and General Land Partners)

79.     The averments in the preceding paragraphs of this Amended Complaint are incorporated herein by reference.

80.     As set forth above, Defendants Tracy Mignatti and Ted Mignatti, Jr. were actively involved in the management and control of LC Partnership, acting substantially as general partners.  As a result, Tracy Mignatti and Ted Mignatti, Jr. owed Plaintiffs the same contractual duties as does General Land Partners.

81.     Defendants Tracy Mignatti, personally and as successor in interest to Ted Mignatti, III, Ted Mignatti, Jr., and General Land Partners, acting directly or through their authorized agents, breached the obligations owed to Plaintiffs under the LC Agreement by, *inter alia*:

(a)     causing the Bucks County land to be transferred to a Mignatti related company without advance notice to Plaintiffs;

        (b)     causing the Bucks County land to be transferred to a Mignatti related company without having first established a fair market value price for the land;

        (c)     causing the land profits derived from the transfer price of the Bucks County land to be reduced by transferring the property to a Mignatti related Company at less than fair market value; and

        (d)     causing the transfer and/or development of the Bucks County land to be delayed by, *inter alia*, construction of the Heritage Creek project.

        82.     Additionally, Defendants Tracy Mignatti, Ted Mignatti, Jr., and General Land Partners have either repudiated or anticipatorily breached the LC Agreement by absolutely and unequivocally informing Plaintiffs that Defendants will distribute to Plaintiffs less than their agreed share of the building profits.

        83.     Plaintiffs and their predecessors in interest have, at all times relevant, fulfilled any obligations on their part under the LC Agreement .

        84.     As a direct result of the aforesaid conduct by Defendants Tracy Mignatti, Ted Mignatti, Jr. and General Land Partners, each Plaintiff has sustained and, in the future will continue to sustain, substantial financial losses and damages.

        WHEREFORE, Plaintiffs each demand judgment against Defendants Tracy Mignatti, Theophile J. Mignatti, Jr., and General Land Partners, Inc., in the amount required to fully compensate them for their losses, together with costs, interest and attorneys fees.

### COUNT IV
### TORTIOUS INTERFERENCE WITH CONTRACT
**(Plaintiffs v. Ted Mignatti, Jr, McKenna, General Land Partners, Creek Road Partnership and Creek Road Corporation)**

        85.     The averments in the preceding paragraphs of this Amended Complaint are incorporated herein by reference.

86.     Defendants Ted Mignatti, Jr., McKenna, General Land Partners, Creek Road Partnership and Creek Road Corporation, without privilege or license, did by their aforesaid conduct wrongfully interfere with Plaintiffs' existing contractual relationship with Ted Mignatti, III, or his successor in interest Tracy Mignatti, by inducing or otherwise causing the breach and/or failure to perform under the Bucks County Agreement as set forth above.

87.     Said Defendants acted intentionally, knowingly and without justification for the purpose of causing such breach or nonperformance.

88.     As a direct result of the aforesaid conduct on the part of said Defendants, each Plaintiff has sustained and, in the future will continue to sustain, substantial financial losses and damages.

89.     Said Defendants engaged in the aforesaid conduct with evil motive or reckless indifference to the rights of Plaintiffs, as a result of which Plaintiffs are entitled to punitive, in addition to compensatory, damages.

WHEREFORE, Plaintiffs each demand judgment against Defendants Steve McKenna, Theophile J. Mignatti, Jr., General Land Partners, Inc., Creek Road Development Group, L.P. and Creek Road Development Group, Inc. for compensatory damages in the amount required to compensate them for their losses, punitive damages in an amount to be determined by the Court, and costs, interest and attorneys fees.

### COUNT V
### TORTIOUS INTERFERENCE WITH CONTRACT
**(Plaintiffs v. McKenna, Creek Road Partnership and Creek Road Corporation)**

90.     The averments in the preceding paragraphs of this Amended Complaint are incorporated herein by reference.

91.     Defendants McKenna, Creek Road Partnership, and Creek Road Corporation, without privilege or license, did by their aforesaid conduct wrongfully interfere with Plaintiffs' existing contractual relationship with Ted Mignatti, III, or his successor in interest Tracy Mignatti, Ted Mignatti, Jr., and General Land Partners by inducing or otherwise causing the breach and/or failure to perform under the LC Agreement as set forth above.

92.     Said Defendants acted intentionally, knowingly and without justification for the purpose of causing such breach or nonperformance.

93.     As a direct result of the aforesaid conduct on the part of said Defendants, each Plaintiff has sustained and, in the future will continue to sustain, substantial financial losses and damages.

94.     Said Defendants engaged in the aforesaid conduct with evil motive or reckless indifference to the rights of Plaintiffs, as a result of which Plaintiffs are entitled to punitive, in addition to compensatory, damages.

WHEREFORE, Plaintiffs each demand judgment against Defendants Steve McKenna, Creek Road Development Group, L.P. and Creek Road Development Group, Inc. for compensatory damages in the amount required to compensate them for their losses, punitive damages in an amount to be determined by the Court, and costs, interest and attorneys fees.

## COUNT VI
## CIVIL CONSPIRACY
### (Plaintiffs v. All Defendants)

95.     The averments in the preceding paragraphs of this Amended Complaint are incorporated herein by reference.

96.     Each Defendant, by his, her or its aforesaid conduct, knowingly and intentionally conspired with one or more of the other Defendants for the unlawful and

improper purpose of breaching and/or tortiously inducing breach of the aforementioned

Agreements and breaching or causing breach of contractual obligations and fiduciary duties in

order to deprive Plaintiffs of the profits to which they are entitled under the Agreements.

97.     As a direct and proximate result of the aforesaid conduct of said

Defendants each Plaintiff has sustained and, in the future will continue to sustain, substantial

financial losses and damages.

WHEREFORE, Plaintiffs each demand judgment against Defendants Steve

McKenna, Theophile J. Mignatti, Jr., Tracy Mignatti, General Land Partners, Inc., Creek Road

Development Group, L.P. and Creek Road Development Group, Inc. for compensatory damages

in the amount required to compensate them for their losses, punitive damages in an amount to be

determined by the Court, and costs, interest and attorneys fees.

### COUNT VII
### UNJUST ENRICHMENT
### (Plaintiffs v. All Defendants)

98.     The averments in the preceding paragraphs of this Amended Complaint

are herein incorporated herein by reference.

99.     Alternatively, Defendants have been and will continue to be unjustly

enriched by the fact that they have reaped the benefits from the purchase and transfer of the

Bucks County land that was made possible by the capital investments of Alpart and Dan

Kerrane.

100.    Defendants have already benefited, and will in the future continue to

benefit, from transfer of the land to a Mignatti related company, and stand to further benefit from

the development of the land.

101.    It would be unjust to allow Defendants to enjoy the aforementioned benefits, which are far in excess of any remuneration to which they might be entitled under the aforementioned agreements, without compensating Plaintiffs, given that it was Alpart and Dan Kerrane's investments that made the purchase and sale of the property possible.

102.    Consequently, Defendants should be ordered to pay Plaintiffs restitution calculated to include that percentage of land and building profits provided for in the Bucks County Agreement and the LC Agreement.

WHEREFORE, Plaintiffs each demand judgment for restitution against Defendants Steve McKenna ,Theophile J. Mignatti, Jr , Tracy Mignatti,  General Land Partners, Inc., Creek Road Development Group, L.P. and Creek Road Development Group, Inc. in the amount to be determined by the Court  together with costs, interest and attorneys fees.

## COUNT VIII
## DECLARATORY JUDGMENT
### (Plaintiffs v. All Defendants)

103.    The averments in the preceding paragraphs of this Amended Complaint are incorporated herein by reference.

104.    Under the Bucks County Agreement, Defendants are required to distribute twenty-five percent (25%) of the building profits to Plaintiffs.

105.    Despite the Bucks County Agreement, Defendants through McKenna have recently informed Plaintiffs that Defendants will not distribute twenty-five percent (25%) of the building profits to Plaintiffs but, instead, will pay the twenty-five percent (25%) to LC Partnership.

22

106.    As more fully set forth above, this action by Defendants has reduced Plaintiffs' share of the building profits by one-half and resulted in substantial financial losses to Plaintiffs.

107.    McKenna has further informed Plaintiffs that construction has begun in connection with the Bucks County land by Creek Road Partnership and Mignatti, and that profit distributions are set to begin in 2008.

108.    Under the Bucks County Agreement, such distributions will be made periodically as construction progresses over the next several years.

109.    Consequently, there presently exists a substantial actual controversy between Plaintiffs and Defendants, involving their respective rights and obligations under the Bucks County Agreement, which adversely aligns Plaintiffs and Defendants in a manner that will continue unless resolved by determination of this Court.

110.    This Court has jurisdiction to grant the requested declaratory relief pursuant to 28 U.S.C.A. § 2201, *et seq.*.

WHEREFORE, Plaintiffs each respectfully request that this Court find and declare that Plaintiffs are entitled to twenty-five percent (25%) of the building profits (twelve and one-half percent (12 1/2%) each) that are generated by development of the Bucks County land, and that Defendants be ordered to pay those amounts to Plaintiffs, as they accrue, and not to L.C. Associates, L.P., and that Plaintiffs be awarded costs, attorneys fees and such other relief as the Court finds just and proper.

## COUNT IX
## ACCOUNTING
### (Plaintiffs v. General Land Partners and Creek Road Corporation)

111.    The averments in the preceding paragraphs of this Amended Complaint are incorporated herein by reference.

112.    Defendant General Land Partners has an obligation, under the LC Agreement, to keep "just and true" books of account with respect to the operations of LC Partnership and to keep Plaintiffs, as limited partners of that entity, informed concerning such operations including, but not limited to, the status of Plaintiffs' partnership interests, and the profits generated from sale and development of the Bucks County land.

113.    As a result of the self interested transaction under which Defendant Creek Road Partnership acquired the Bucks County land from LC Partnership, more fully described above, both Defendant General Land Partners and Defendant Creek Road Corporation, are obligated to account to Plaintiffs for the land and building profits generated by the transfer and development of that land.

114.    As a result of the breaches of the Bucks County Agreement and the LC Agreement, more fully described above, Defendants General Land Partners and Creek Road Corporation are obligated to account to Plaintiffs for the land and building profits generated by the transfer and development of the Bucks County land.

115.    Plaintiffs believe and therefore aver that the books, papers and accounts relating to the profits which have already been generated, and will in the future, continue to be generated, by the transfer and development of the Bucks County land are in the custody of Defendants General Land Partners and Creek Road Corporation, and Plaintiffs have no way of ascertaining the total amounts actually due to them under the Bucks County Agreement and the LC Agreement, without the requested accounting.

116.    Defendants General Land Partners and Creek Road Corporation have failed and refused to honor said obligations to account to Plaintiffs, and to keep Plaintiffs informed.

117.    Consequently, Plaintiffs are entitled to an accounting from said Defendants of all past, present and future land profits and proceeds from the transfer of the Bucks County land by LC Partnership to Creek Road Partnership, and of all building profits from the development of the land by Creek Road Partnership, any business or entity trading as Mignatti Companies, or any of the other of the Defendants, and for judgment against Defendants for Plaintiffs' proper share of those profits.

118.    This demand for an accounting is asserted against General Land Partners and Creek Road Corporation, as the general partners of LC Partnership and Creek Road Partnership, respectively.

WHEREFORE, Plaintiffs each demand:

(1)    that Defendants General Land Partners, Inc. and Creek Road Development Group, Inc. be required to account to Plaintiffs for all past, present and future profits from the transfer of the Bucks County land by LC Partnership to Creek Road Partnership, and all building profits from the development of the land by Defendants, and for Plaintiffs' proper share of those profits;

(2)    that judgment be entered against Defendants for the amount shown to be due Plaintiffs;

(3)    that judgment be entered in favor of Plaintiffs for costs, interest and attorneys fees; and

(4)    for such other relief as the Court deems to be just and proper.


Date:   January 17, 2008

Stephen J. Kastenberg
Jeffrey S. Rosenblum
Jessica M. Anthony
Pa. ID Nos. 70919, 28809 & 203842
BALLARD SPAHR ANDREWS & INGERSOLL, LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
(215) 665-8500
(215) 864-8999 (Facsimile)

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this date I served a copy of the foregoing Amended

Complaint and Exhibits on the below-listed counsel by hand delivery:


Mary Ellen O'Laughlin, Esq.
Klehr, Harrison, Harvey, Branzburg & Ellers, LLP
260 South Broad Street
Philadelphia, PA 19102
(215) 569-2516
*Attorney for Defendants*


Dated: January 17, 2008

Jessica M. Anthony