## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Kenneth D. Alpart, et al, | : |
| | : |
| Plaintiffs, | : |
| | : |
| v. | :     Civil Action No. 07-4457 (AB) |
| | : |
| General Land Partners, Inc., et al, | : |
| | : |
| Defendants. | : |

## PLAINTIFFS' PRETRIAL MEMORANDUM

Pursuant to this Court's October 29, 2009 Amended Scheduling Order and Local Rule of Civil Procedure 16.1(c), Plaintiffs Kenneth D. Alpart ("Alpart"), Lynette Kerrane and Eric Wojcikiewicz as Trustees of the GST Non-Exempt QTip Marital Trust, and Lynette Kerrane individually (collectively, "Plaintiffs"), through their undersigned counsel, respectfully submit their Pretrial Memorandum.

## I.     NATURE OF THE ACTION AND JURISDICTIONAL BASIS

Plaintiffs bring this action against Defendants General Land Partners, Inc. ("General Land Partners"), Creek Road Development Group, L.P. ("Creek Road Partnership"), Creek Road Development Group, Inc. ("Creek Road Corporation"), Tracy Mignatti as Executrix of the Estate of Theophile J. Mignatti III ("Ted Mignatti III"), Theophile J. Mignatti, Jr. ("Ted Mignatti Jr."), and Steve McKenna ("McKenna") (collectively, "Defendants").  In their Amended Complaint, Plaintiffs have asserted nine claims, all of which arise out of an agreement between Alpart, Daniel M. Kerrane, Jr. ("Dan Kerrane"), and Ted Mignatti III to purchase and develop land in Bucks County, Pennsylvania  ("Bucks County Land;" "Bucks County

Agreement"), and/or the limited partnership agreement entered into by those same individuals

and Ted Mignatti Jr., pursuant to the Bucks County Agreement.  (the LC Agreement).

- In Count I, Plaintiffs assert that defendants General Land Partners, Tracy Mignatti, and Ted Mignatti Jr. breached fiduciary duties they owed to Plaintiffs in connection with the transfer and development of the Bucks County Land.

- In Count II, Plaintiffs assert that Tracy Mignatti (as Executrix of her late husband's estate) breached the terms of the Bucks County Agreement.  Count II includes a claim for anticipatory breach.

- In Count III, Plaintiffs assert a claim against General Land Partners, Tracy Mignatti, and Ted Mignatti Jr. for breach of the LC Agreement.  Count III includes a claim for anticipatory breach.

- In Count IV, Plaintiffs assert that all Defendants except Tracy Mignatti tortiously interfered with the Bucks County Agreement.

- In Count V, Plaintiffs assert that McKenna, Creek Road Partnership, and Creek Road Corporation tortiously interfered with the LC Agreement.

- In Count VI, Plaintiffs assert that all Defendants engaged in a civil conspiracy.

- In Count VII, Plaintiffs alternatively assert that all Defendants were unjustly enriched by their actions with respect to the Bucks County Land.

- In Count VIII, Plaintiffs assert their right to a declaration that Plaintiffs are entitled to 25% of any future building profits in connection with the development of the Bucks County Land.

- Finally, in Count IX, Plaintiffs seek an accounting from General Land Partners and Creek Road Corporation.

In connection with their claims, Plaintiffs seek compensatory damages, punitive damages, costs,

and interest.

Defendants moved for dismissal of the Amended Complaint but, by this Court's

Orders dated August 19, 2008 and October 7, 2008, the bulk of Defendants' motion was denied.

Specifically, all of Plaintiffs' claims were permitted to stand, with the following modifications:

(i) claims against Tracy Mignatti were dismissed only insofar as they were made against her in

her individual capacity; (ii) the breach of contract claims in Counts II and III were dismissed

only insofar as they relied upon allegations that the land at issue was transferred without advance notice to Plaintiffs; and (iii) the unjust enrichment claim in Count VII was dismissed only insofar as it related to the LC Agreement.  Following these rulings, Defendants answered the Amended Complaint, and asserted two Counterclaims against Plaintiffs.  After discovery was completed, both parties filed motions for partial summary judgment (docs. 100 & 101), which are currently pending before this Court.[1]

This Court has jurisdiction to entertain the instant dispute based on the diversity of citizenship of the parties and the amount in dispute.  Plaintiff Alpart is a citizen of New York, and Plaintiffs Lynette Kerrane and Eric Wojcikiewicz are citizens of Illinois.  All Defendants are citizens of Pennsylvania.  Plaintiffs aver that the amount of damages recoverable by each Plaintiff in this action well exceeds $75,000 (and is, in fact, several million dollars).  As such, and as this Court has previously recognized, the jurisdictional requirements of 28 U.S.C. § 1332 are plainly met.  See Aug. 19, 2008 Mem. & Order, doc. 51, at 2 n.3.

## II.     STATEMENT OF FACTS

In or around August 1994, Alpart, Dan Kerrane, and Ted Mignatti III entered into the Bucks County Agreement, an oral agreement to acquire and potentially develop the Bucks County Land, certain land in Warwick Township, Bucks County, Pennsylvania.  Alpart, Dan Kerrane, and Ted Mignatti III were close personal friends.  When the three friends entered into

---

[1]     For the reasons set forth in Plaintiffs response to Defendants' motion for partial summary judgment, Plaintiffs do not intend to pursue the allegations in Counts I through VI of the Amended Complaint that Defendants delayed development of the land at issue in order to prioritize an adjacent development.

the Bucks County Agreement, Ted Mignatti III and his father, Ted Mignatti Jr., were engaged in a real estate development business known as Mignatti Companies.

The Bucks County Agreement provided, *inter alia*, that Alpart and Dan Kerrane were to invest capital to cover the initial acquisition costs of the Bucks County Land in the amount of $1,260,000 in exchange for which they would receive:  (i) a return of their capital contributions; (ii) 50% of the "land profits" (25% each) from the resale of the land; and (iii) 25% of any "building profits" (12.5% each) if the land were resold for development to a Mignatti related entity.  Under the terms of the Bucks County Agreement, a limited partnership was to be formed to purchase, hold, and subsequently resell the Bucks County Land.  Rather than purchase the land directly, that limited partnership was to purchase from the Resolution Trust Corporation ("RTC") a mortgage then in default and foreclose upon the land.  Ted Mignatti III, with the involvement of Ted Mignatii Jr., was to act as the operating partner of the limited partnership.

The material terms of the Bucks County Agreement were confirmed in an August 9, 1994 letter from Ted Mignatti III to Alpart and Dan Kerrane.  Those terms were also set forth in a slightly earlier document, also authored by Ted Mignatti III, entitled "Issues on RTC Acquisition – Warwick Greens."  Under the terms of the Bucks County Agreement, as memorialized in the letter and the earlier document, the investment of funds and land development was to occur in three phases.  First, with respect to the acquisition of the mortgage for foreclosure, the cost of which was known to be $1,260,000, Alpart and Dan Kerrane were responsible.  Second, costs incurred from the acquisition of the mortgage through foreclosure and titling of the land were to be split, with Alpart and Dan Kerrane providing 50% of such costs, and Ted Mignatti III and Ted Mignatti Jr. providing the other 50%.  Taxes were to be split

4

in the same fashion until the land was sold.  Third, costs incurred after titling were the responsibility of Ted Mignatti III and Ted Mignatti Jr.

       Under the terms of the Bucks County Agreement, the land was either to be sold at fair market value to an unrelated third party or to a building company affiliated with the Mignattis.  In the event that the land was sold to a Mignatti related entity for development, the land partnership would receive a mortgage note, rather than cash, and any "building profits" would be split as follows:  75% would go to the building company, and the remaining 25% would go to Alpart and Dan Kerrane.  The intent of the parties was, in essence, that since the fair market value of the land would not be immediately converted to cash if sold to a Mignatti entity, but rather would be subordinated to a construction loan that it would be necessary for the building company to obtain, the building profits were to compensate Alpart and Kerrane for that delay and added risk.

       As contemplated by the Bucks County Agreement, a Pennsylvania limited partnership, LC Associates, L.P. ("LC Partnership"), was formed to acquire, hold, and ultimately resell the Bucks County Land.  The written partnership agreement that was executed, the LC Agreement, contains no special provisions that would allow the general partner of the LC Partnership to convey the Bucks County Land at less than fair market value.  The limited partners of LC Partnership, when it was formed, were Alpart, Dan Kerrane, Ted Mignatti III, and Ted Mignatti Jr., each with a 24.75% partnership share.  The general partner of LC Partnership was General Land Partners, which held the remaining 1% partnership share.  Ted Mignatti III initially served as the sole officer of General Land Partners, and he managed, operated and controlled both LC Partnership and General Land Partners.

The LC Agreement requires that distributions by LC Partnership to the limited partners be made in proportion to the partnership shares of the limited partners.  That requirement accords with the term of the Bucks County Agreement calling for "land profits" to be divided equally between Alpart and Dan Kerrane, on the one hand, and Ted Mignatti III and Ted Mignatti Jr., on the other hand.

In further accordance with the terms of the Bucks County Agreement, LC Partnership acquired approximately 276 acres of land in Warwick Township, Bucks County by purchasing a mortgage note from the RTC in or about August 1994, and thereafter foreclosing on the mortgage.  As the terms of the Bucks County Agreement required, Alpart and Dan Kerrane provided all up-front acquisition costs – $1,260,000 – to cover the purchase of the mortgage note from the RTC.  Following the foreclosure proceedings, the Bucks County Land was titled on August 23, 1999, when the Bucks County Sheriff conveyed it by deed to LC Partnership.

Beginning in October 1999, two additional parcels of land contiguous to the initial RTC purchase were acquired and became part of the Bucks County Land.  Those additional parcels, which totaled approximately 64 acres, were purchased by Kam2 Enterprises, LLC ("Kam2"), a Pennsylvania limited liability company formed by Ted Mignatti III for that purpose.  Although the acquisitions took place after titling of the original 276 acres, Alpart and Dan Kerrane contributed *two-thirds* of the funds used to purchase the additional parcels.  Alpart, Dan Kerrane, Ted Mignatti III, and Ted Mignatti Jr. each held a 25% interest as members of Kam2, and the parties agreed that Kam2 would acquire the additional parcels pursuant to the terms of the Bucks County Agreement.

Ted Mignatti III passed away on November 19, 2001.  His widow, Tracy Mignatti, is the Executrix of his estate and the successor in interests to his rights and obligations

under the Bucks County Agreement and the LC Agreement. As such, she is a limited partner in LC Partnership and a member of Kam2.

Dan Kerrane passed away on October 28, 2002. His widow, Lynette Kerrane, along with her children, is the sole beneficiary of the GST Non-Exempt QTip Marital Trust. She and Eric Wojcikiewicz, as sole Trustees of the GST Non-Exempt QTip Marital Trust, are successors in interest to the rights and obligations of Dan Kerrane under the Bucks County Agreement and the LC Agreement and, as such, assumed his positions as a limited partner in LC Partnership and a member of Kam2.

Defendant McKenna is president of Mignatti Companies and has held that position since at least 1991. Following the death of Ted Mignatti III, McKenna became the sole officer of General Land Partners and took over as the day-to-day manager of the company. At all times since the death of Ted Mignatti III, defendants McKenna, Ted Mignatti Jr., and Tracy Mignatti have managed, operated and controlled LC Partnership and General Land Partners. Specifically, McKenna has controlled all day-to-day operations; McKenna has reported to and consulted with Ted Mignatti Jr., who has approved all significant decisions; and Tracy Mignatti has been included when the three arrive at a consensus with respect to any major decisions. After Ted Mignatti III passed away, Alpart, Dan Kerrane, Ted Mignatti Jr., McKenna, and Tracy Mignatti reaffirmed that the August 9, 1994 letter and the Warwick Greens document accurately set forth the terms of the Bucks County Agreement.

The individual defendants formed Creek Road Partnership in January 2003 for the purpose of acquiring and developing the Bucks County Land. The limited partners of Creek Road Partnership are Tracy Mignatti, Ted Mignatti Jr., and McKenna, and its general partner is Creek Road Corporation. Alpart and Dan Kerrane (and his successor) are not limited partners in

Creek Road Partnership.  McKenna is the president and sole officer of Creek Road Corporation, and Ted Mignatti Jr. is its sole director.  At all times since the death of Ted Mignatti III, defendants McKenna, Ted Mignatti Jr., and Tracy Mignatti have managed, operated and controlled Creek Road Partnership and Creek Road Corporation.  Specifically, McKenna has controlled all day-to-day operations; McKenna has reported to and consulted with Ted Mignatti Jr., who has approved all significant decisions; and Tracy Mignatti has been included when the three arrive at a consensus with respect to any major decisions.  Notably, Steve McKenna held a 30.92% limited partnership interest in Creek Road Partnership.  Consequently, he was entitled to almost one-third of the building profits generated by that entity.  McKenna was not a partner in LC Partnership and was therefore not entitled to share in the land profits from the sale of the Bucks County land from LC Partnership to Creek Road Partnership.

On May 22, 2006, General Land Partners caused LC Partnership to convey the 210 lots making up the Bucks County Land to Creek Road Partnership for $50,000 per lot.  The transfer price was set by McKenna and Ted Mignatti Jr., after consultation with and agreement by Tracy Mignatti.  Defendants did not inform Plaintiffs of the transfer of the Bucks County Land – or of the transfer price – until over six months after the transfer occurred.  At the time of the transfer of the Bucks County Land, when the transfer price was set, and at all other relevant times, both the purchaser Creek Road Partnership, and the seller LC Partnership (and Kam2) were operated, managed, and controlled by defendants McKenna, Ted Mignatti Jr., and Tracy Mignatti.

The $50,000 per-lot transfer price selected by the individual defendants was less than a third of the fair market value of the Bucks County Land at the time of the transfer.  The value was selected *without regard* to the fair market value of the land; rather, the individual

defendants set the price based on what they unilaterally considered to be a fair return on the investments of Alpart and Dan Kerrane. When the transfer price was set and the land was transferred, the individual defendants were in possession of an appraisal report prepared by an independent appraiser who had valued the land at $169,524 per lot. That report was prepared in April 2006 in connection with Creek Road Partnership's application to a bank for construction financing – financing which was ultimately provided by the bank in reliance on the accuracy of the appraisal. Indeed, Ted Mignatti Jr. has acknowledged at deposition that the appraisal was accurate. Furthermore, in connection with that financing, defendants McKenna and Ted Mignatti Jr. each personally executed a Limited Guaranty Agreement in the principal amount of $10 million.

In accordance with the Bucks County Agreement, Creek Road Partnership made no cash payment to LC Partnership at the time the Bucks County Land was transferred. Instead, an interest-accruing mortgage note in the amount of the full $10.5 million purchase price was issued by Creek Road Partnership to LC Partnership in 2006. Under the terms of that note, a payment of $50,000 became owing and due from Creek Road Partnership to LC Partnership as each of the 210 building lots was built out, sold and closed. The sums paid by Creek Road Partnership to LC Partnership on the mortgage note, in accordance with the Bucks County Agreement, would then be distributed to the limited partners of LC Partnership, including Plaintiffs, as "land profits."

At some point prior to May 15, 2008, Creek Road Partnership made a payment to LC Partnership of $550,000, then due and owing under the note on account of the eleven building lots that had closed to that date. However, LC Partnership did not distribute the $550,000 payment to its limited partners as "land profits" as required by the Bucks County

9

Agreement and the LC Agreement; instead, the $550,000 was transferred back to Creek Road Partnership. The decision to transfer the funds back to the building partnership, rather than distribute them to the limited partners in the land partnership, was made by defendants McKenna, Ted Mignatti Jr., and Tracy Mignatti. Plaintiffs were informed neither of the $550,000 payment from Creek Road Partnership to LC Partnership, nor of the transfer of those funds back to Creek Road Partnership.

Similarly, in 2008, McKenna and Ted Mignatti Jr. caused the transfer of millions of dollars in profits from a related project in which Plaintiffs are invested in Barnegat, New Jersey ("Barnegat profits"), as an unsecured loan to Creek Road Partnership. The land and building partnership involved in the New Jersey project are Mignatti related entities which are operated and controlled by McKenna, Ted Mignatti Jr., and Tracy Mignatti. The Barnegat profits "loaned" to Creek Road Partnership otherwise would have been distributable in part, directly or indirectly, to Plaintiffs. The "loan" from the New Jersey project to Creek Road Partnership was never disclosed to Plaintiffs until such disclosure was required by discovery in this action.

Defendants have announced their intention to distribute any building profits due to Plaintiffs to LC Partnership, rather than to Plaintiffs directly. Since Plaintiffs hold only a 50% combined interest in LC Partnership – the other 50% interest being held by Ted Mignatti Jr. and Tracy Mignatti – Plaintiffs would receive only 12.5% of any building profits, rather than the 25% described in the Bucks County Agreement, should Defendants carry out their intention.

Defendants have conceded that neither Alpart nor Dan Kerrane (nor his successors in interest) ever agreed:  (i) to a transfer of the Bucks County Land by LC Partnership

for less than fair market value; or (ii) to payment of their 25% of any building profits through LC

Partnership rather than to Plaintiffs directly.


### III.    STATEMENT OF DAMAGES

Plaintiffs are entitled to receive as damages:

1.    A return of all capital contributions made by Alpart and Dan Kerrane (or his successor) in connection with the Bucks County Land (presently believed to total $3,500,000);

2.    50% of the land profits generated when the land was sold by LC Partnership to Creek Road Partnership for $50,000 per lot ($5,250,000);

3.    50% of the additional land profits which would have been generated had the land been sold to Creek Road Partnership for fair market value of $169,524 per lot ($12,550,020);

4.    25% of any building profits generated from development of the Bucks County land;

5.    applicable interest on past due amounts through date of judgment (amount to be determined);

6.    punitive damages under Counts I, IV, V, and VI (amount to be determined); and

7.    recoverable litigation costs (amount to be determined).

Note:

(1)    Under the terms of that mortgage note issued by Creek Road Partnership to LC Partnership, a payment of the per lot transfer price becomes owing and due as each of the 210

building lots is built out, sold and closed.  In accordance with the Bucks County Agreement, the sums paid by Creek Road Partnership to LC Partnership on the note, are then distributable to the limited partners of LC Partnership, including Plaintiffs, as return of capital and "land profits." While such payment schedule would remain in effect with respect to any award of damages under items 1 through 3, above, the evidence will establish that at least 28 lots have already closed.  Consequently, a portion of the amounts claimed, under items 1 through 3, represent past damages that are immediately due and payable.

(2)     With respect to item 4, Plaintiffs seek a declaration that they are entitled to 25% of the building profits, and an award in the amount of any past due sums for building profits that might be established by the evidence.


**IV.     TRIAL WITNESSES**

Below is a list of witnesses Plaintiffs may call at trial.  Plaintiffs expressly reserve the right to call as witnesses at trial any individuals omitted below but listed in Defendants' Pretrial Memorandum.

**A.     Liability**

1.  Plaintiff Kenneth D. Alpart, 259 Bowery, Apartment 4, New York, NY

2.  Plaintiff Lynette Kerrane-Darragh, 1550 Asbury Avenue, Winnetka, IL

3.  Plaintiff Eric Wojcikiewicz, 409 East Chicago Avenue, Naperville, IL

4.  Timothy Darragh, 1550 Asbury Avenue, Winnetka, IL

5.  Daniel Kerrane, Sr., 2104 Woodmont Drive, Lexington, KY

6. Steve McKenna, 2310 Terwood Drive, Huntingdon Valley, PA; McKenna may be called to testify in his own capacity and/or as a representative of General Land Partners, Creek Road Partnership, and/or Creek Road Corporation.

7. Theophile J. Mignatti, Jr., 2310 Terwood Drive, Huntingdon Valley, PA

8. Tracy Mignatti, 2400 Washington Lane, Huntingdon Valley, PA

9. Robert C. Lagreca, SRA, Lagreca & Quinn Real Estate Services, Inc., 200 Pennsylvania Avenue, Suite 100, Oreland, PA

10. Michael A. Lagreca, MAI, Lagreca & Quinn Real Estate Services, Inc., 200 Pennsylvania Avenue, Suite 100, Oreland, PA

11. Anthony M. Graziano, Integra Realty Resources, 1415 Hooper Avenue, Suite 202, Toms River, NJ

12. Anthony S. Graziano, MAI, CRE, Integra Realty Resources, 1415 Hooper Avenue, Suite 202, Toms River, NJ

13. Christopher Pinto, 2310 Terwood Drive, Huntingdon Valley, PA

14. Phil Hughes, LarsonAllen, 18 Sentry Park West, Suite300, Blue Bell, PA 19422

**B.      Damages**

All of the witnesses listed in Subsection A as liability witnesses may also be called to testify regarding damages.  In addition, the following witnesses may also be called:

1. Craig W. Gleason, MAI, Gleason Real Estate Inc., 2076 County Line Road #249, Huntingdon Valley, PA

## V.    SCHEDULE OF EXHIBITS

Below is Plaintiffs' anticipated schedule of trial exhibits.  Plaintiffs expressly reserve the right to use any exhibits at trial omitted below but listed in Defendants' Pretrial Memorandum.

| Ex. | Date | Description |
|---|---|---|
| 1 | 6/23/94 | Letter from Vernon Stansell to Dan Kerrane re: Warwick Green due diligence and EPA issues [PLFS 00309-310; Ted Mignatti 1] |
| 2 | 6/24/94 | Letter from Ted Mignatti III and Dan Kerrane to Vernon Stansell [PLFS 00312] |
| 3 | 7/1/94 | "Scenario for Land Partnership/Development/Building" [DEF 00060; McKenna 18; Kerrane 2] |
| 4 | 7/20/94 | "Issues on RTC Acquisition – Warwick Greens"  [DEF 00212-215; McKenna 13; Tracy Mignatti 2] |
| 5 | 7/27/94 | Articles of Incorporation and Bylaws of General Land Partners, Inc [DEF 01654-1682] |
| 6 | 7/29/94 | Partnership Agreement for LC Associates [DEF 00001-22; McKenna 12; Alpart 3] |
| 7 | 8/9/94 | Letter from Ted Mignatti III to Alpart and Dan Kerrane on LC Associates letterhead [DEF 00116-117; McKenna 3; Tracy Mignatti 1; Kerrane 3; Alpart 1] |
| 8 | 8/25/94 | Letter from Ted Mignatti III to Ken Alpart and Dan Kerrane enclosing signature page of LC Agreement [PLFS 00545-546; Alpart 2] |
| 9 | 4/28/95 | Letter from Ted Mignatti III to Alpart re: Bluffs partnership agreement with "Exhibit A" attached [PLFS 00155-158; McKenna 19; Alpart 23] |
| 10 | 1998 | General Ledger for LC Associates [DEF 00457-461; McKenna 32] |
| 11 | 1999 | General Ledger for LC Associates [DEF 00462-466; McKenna 32] |
| 12 | 1999 | General Ledger for Kam2 Enterprises [DEF 01646; McKenna 34] |
| 13 | 10/4/99 | Settlement Sheet –Kam2-Markovich parcel [PLFS 00336-337] |
| 14 | 2000 | General Ledger for LC Associates [DEF 00467-474; McKenna 32] |

| Ex. | Date | Description |
|-----|------|-------------|
| 15 | 2000 | General Ledger for Kam2 Enterprises [DEF 01647; ] McKenna 34 |
| 16 | 6/23/00 | Fax from Ted Mignatti III to Dan Kerrane & Ken Alpart [DEF 00066] |
| 17 | 8/4/00 | Daniel Kerrane Statement of Real Estate Holding With Mignatti Companies , et al [DEF 00073] |
| 18 | 9/13/00 | Fax from Ted Mignatti III to Ken Alpart [PLFS 00119] |
| 19 | 12/21/00 | Fax from Ted Mignatti III to Dan Kerrane & Ken Alpart [DEF 00075] |
| 20 | 2001 | General Ledger for LC Associates [DEF 00475-482; McKenna 32] |
| 21 | 2001 | General Ledger for Kam2 Enterprises [DEF 01648; McKenna 34] |
| 22 | 12/6/01 | "Status Review – Dan Kerrane" [DEF 00076-77; McKenna 22; Alpart 4] |
| 23 | 12/6/01 | Attachments to Status Review – Dan Kerrane [DEF 00078-89] |
| 24 | 12/21/01 | Complete Appraisal of Heritage Point Subdivision by Integra Realty Resources (Anthony M. Graziano and Anthony S. Graziano, MAI, CRE). [DEF 00579-797(NJ)] |
| 25 | 12/23/01 | Operating Agreement for Kam2 Enterprises LLC [DEF 00023-58] |
| 26 | 2002 | General Ledger for LC Associates [DEF 00483-486; McKenna 32] |
| 27 | 2002 | General Ledger for Kam2 Enterprises [DEF 01649; McKenna 34] |
| 28 | 3/8/02 | Letter from Steve McKenna to Alpart  [DEF 00155-156; McKenna 23; Tracy Mignatti 4; DK-1; Alpart 5] |
| 29 | 3/31/02 | "LC Associates Capital Contributions" [DEF 00095; McKenna 29] |
| 30 | 5/22/02 | Kerrane Investment Summary [DEF 00106-111; McKenna 4; Tracy Mignatti 6; Darragh 1; Kerrane 4] |
| 31 | 5/22/02 | Attachments to Kerrane Investment Summary [DEF 00112-122] |
| 32 | 6/13/02 | Partnership Agreement for Creek Road Development Group, LP [DEF 02881-2899] |
| 33 | 6/20/02 | Email from Steve McKenna to Dan Kerrane with attachment [DEF 00090-91(NJ)] |
| 34 | 9/6/02 | Alpart Investment Summary [DEF 00159-163; McKenna 6; Alpart 6] |

| **Ex.** | **Date** | **Description** |
|---------|----------|-----------------|
| 35 | 9/6/02 | Attachments to Alpart Investment Summary [DEF 00164-174] |
| 36 | 9/6/02 | Updated Kerrane Investment Summary [DEF 00123-129; McKenna 5; Kerrane 5] |
| 37 | 2002 | LC Associates Cash Flow Analysis [DEF 00168; McKenna 11] |
| 38 | 2003 | General Ledger for Creek Road Partnership [DEF 01762;McKenna 45 |
| 39 | 2003 | General Ledger for Kam2 Enterprises [DEF 01650; McKenna 34] |
| 40 | 2003 | U.S. Return for Partnership Income for Creek Road Development Group, LP [DEF 01778-1787; McKenna 16] |
| 41 | 2/28/03 | Letter from Steve McKenna to Alpart and Wojcikiewicz [DEF 00187-189; Tracy Mignatti 5; Alpart 9] |
| 42 | 3/5/03 | Settlement Sheet – Kam2-Seifert parcel [DEF 789-90] |
| 43 | 9/30/03 | Updated Alpart Investment Summary [DEF 00191-196; McKenna 8] |
| 44 | 9/30/03 | "LC Associates Capital Contributions" [DEF 00209; McKenna-30] |
| 45 | 9/30/03 | "Kam2 Capital Contributions" [DEF 00216; McKenna 31] |
| 46 | 10/3/03 | Kerrane Investment Summary [DEF 00197-204; McKenna 7; Kerrane 6] |
| 47 | 10/7/03 | Memorandum from Steve McKenna to Alpart [PLFS 00065; McKenna 24; Tracy Mignatti 3; Kerrane 8; Alpart 10] |
| 48 | 2004 | General Ledger for Creek Road Partnership [DEF 01763; McKenna 45] |
| 49 | 2004 | General Ledger for Kam2 Enterprises [DEF 01651; McKenna 34] |
| 50 | 8/20/04 | Letter from Steve McKenna to Ken Alpart with attachments [PLFS 00049-55; Alpart 13; Kerrane 13] |
| 51 | 2005 | General Ledger for Creek Road Partnership [DEF 01764-1765; McKenna 45] |
| 52 | 2005 | General Ledger for Kam2 Enterprises [DEF 01652; McKenna 34] |
| 53 | 2006 | General Ledger for Creek Road Partnership [DEF 01766-1767; McKenna 45] |
| 54 | 2006 | General Ledger for Kam2 Enterprises [DEF 01653; McKenna 34] |

| Ex. | Date | Description |
|---|---|---|
| 55 | 1/2/06 | "HC to CRDG Improvements to be Reimbursed" [DEF 01958; McKenna 41] |
| 56 | 1/13/06 | Letter from Virgil Haplea, Franklin Bank to Robert C. Lagreca [DEF 02178-2181] |
| 57 | 4/1/06 | Complete Appraisal of Real Property by Lagreca & Quinn Real Estate Services, Inc. [DEF 02112-2177; McKenna 14] |
| 58 | 5/22/06 | Fee Simple Deed from LC Associates to Creek Road Partnership [DEF 02212-2220; Ted Mignatti 2] |
| 59 | 5/22/06 | Fee Simple Deed from Kam2 to Creek Road Partnership [DEF 02221-2228; Ted Mignatti 2] |
| 60 | 5/22/06 | Limited Guaranty Agreement of Ted Mignatti Jr. [DEF 03105-3117] |
| 61 | 5/22/06 | Limited Guaranty Agreement of Steve McKenna [DEF 03090-3104] |
| 62 | 5/22/06 | Creek Road Corporation Action by Unanimous Consent [DEF 02259-2260; McKenna 2] |
| 63 | 11/6/06 | Letter from Lynette N. Kerrane-Darragh to Steve McKenna [DEF 00317; Kerrane 15] |
| 64 | 11/30/06 | "Creek Road Owners Equity Status" [DEF 00346; McKenna 46] |
| 65 | 12/1/06 | Letter from Steve McKenna to Ken Alpart with attachment [DEF 00321; Alpart 20] |
| 66 | 12/1/06 | Letter from Steve McKenna to Lynette Kerrane-Darragh with attachment [DEF 00319; Kerrane 16] |
| 67 | 12/4/06 | Updated Kerrane Investment Summary [DEF 00322-326; McKenna 9; Kerrane 17] |
| 68 | 12/4/06 | Updated Alpart Investment Summary [DEF 00328-332; McKenna 10; Alpart 18] |
| 69 | 12/21/06 | Letter from Steve McKenna to Ken Alpart [DEF 00344-345; Alpart 19] |
| 70 | 2007 | General Ledger for Creek Road Partnership [DEF 01768-1769; McKenna 45] |
| 71 | 2007 | U.S. & PA Returns of Partnership Income for Creek Road Development Group, LP [DEF 01906-1947; McKenna 17] |

| Ex. | Date | Description |
|-----|------|-------------|
| 72 | 5/23/07 | Letter fromAlan S. Ritterband, Esquire to Steve McKenna [DEF 00365-367; Darragh 5] |
| 73 | 6/7/07 | "Partnership Meeting" [DEF 00375-376; McKenna 25; Tracy Mignatti 7] |
| 74 | 6/12/07 | Letter and attachments from Steve McKenna to Alpart and Tim Darragh [DEF 00377-379; McKenna 27; Tracy Mignatti 8, Darragh 3; Alpart 22] |
| 75 | 6/28/07 | Letter from Tim Darragh to Steve McKenna [DEF 00388; Darragh 4] |
| 76 | 8/22/07 [?] | Memo from Steve McKenna to Eric Wojcikiewicz [DEF 00130; Wojcikiewicz 1] |
| 77 | 10/16/07 | Letter and attachments from Ted Mignatti Jr. to Alpart [DEF 00422-425; McKenna 28; Tracy Mignatti 9] |
| 78 | 2008 | General Ledger for Creek Road Partnership [DEF 01770-1771; McKenna 45] |
| 79 | 4/15/08 | Creek Road Development Group, LP Financial Statements for 2007 and 2006 [DEF 01948-1956; McKenna 20] |
| 80 | 5/15/08 | Letter from Steve McKenna to Ted Mignatti Jr., Tracy Mignatti, Lynette Kerrane and Alpart and attachment [DEF 03190-03193; McKenna 20] |
| 81 | 8/25/08 | Discovery Conference Transcript |
| 82 | 9/1/08 | General Ledger for LC Associates from 9/1/08 to 7/10/09 [DEF 03326-3334] |
| 83 | 9/1/08 | General Ledger for Creek Road Development Group LP from 9/1/08 to 7/10/09 [DEF 03325-3339] |
| 84 | 9/8/08 | Defendants Answer to Amended Complaint, Affirmative Defenses and Counterclaims |
| 85 | 9/16/08 | Variance Report for Creek Road Construction [DEF 01733-1746; McKenna 39] |
| 86 | 9/16/08 | Budget Report for Creek Road Construction [DEF 01747-1761; McKenna 40] |
| 87 | 9/17/08 | Mignatti Entity Chart (appended to Supplemental Responses to Plaintiffs' First Set of Interrogatories Addressed to Defendants) [McKenna 1] |
| 88 | 9/18/08 | Supplemental Response to Plaintiffs' First Set of Interrogatories Addressed to Defendants [McKenna 47] |

| Ex. | Date | Description |
|---|---|---|
| 89 | 10/1/08 | Appraisal of Real Property by Lagreca & Quinn Real Estate Services, Inc. [DEF 03198-3296] |
| 90 | 2009 | G&A Mignatti Enterprises Overhead Allocation by Year/Project [DEF 03341; McKenna 26] |
| 91 | 6/2009 | Land/Development Costs for Heritage Creek [DEF 03342; McKenna 42] |
| 92 | 6/5/09 | Golf Club Estates Construction Cost [DEF 03343; McKenna 44] |
| 93 | 6/15/09 | Appraisal of Real Property by Lagreca & Quinn Real Estate Services, Inc. [DEF 3344-3456] |
| 94 | 7/10/09 | Printout of General Ledger for LC Associates from 9/1/08 through 5/31/09 [DEF 03326-3335; McKenna 33] |
| 95 | 9/3/09 | Deposition Transcript – Tracy Mignatti |
| 96 | 9/17/09 | Deposition Transcript – Steve McKenna, part I |
| 97 | 9/18/09 | Deposition Transcript – Steve McKenna, part II |
| 98 | 11/12/09 | Deposition Transcript – Ted Mignatti Jr. |
| 99 | 12/9/09 | Appraisal Report of Golf Club Estates @ Heritage Creek Subdivision by Craig W. Gleason, MAI |
| 100 | 12/17/09 | Letter Report Re Golf Club Estates @ Heritage Creek Subdivision by Craig W. Gleason, MAI |
| 101 | Undated | Budget for Golf Course Estates [DEF 00680-692; McKenna 38] |
| 102 | Undated | Heritage Creek GC – Single Family Detached Pro Forma – 210 Units [DEF 03340] |
| 103 | Undated | "Bluffs at Barnegat Overview" [PLFS 00194-197; Alpart 24] |
| 104 | Undated | Handwritten Notes [DEF 00520-522; Kerrane 19] |
| 105 | Undated | Bylaws of Creek road Development, Inc. [DEF 02852-2877] |

## VI.   ESTIMATED LENGTH OF TRIAL

Plaintiffs estimate that the trial in this matter will take between four and five days.

## VII.   SPECIAL COMMENTS

At this time, there are no stipulations, nor are there any anticipated amendments to be made to the pleadings.  At this time, Plaintiffs have not identified any evidentiary issues likely to arise at trial.  Pursuant to this Court's Amended Scheduling Order, Plaintiffs will address the legal issues related to the causes of action set forth in their Amended Complaint in a separate Trial Memorandum filed contemporaneously with this Pretrial Memorandum.

Date:   March 19, 2010

/s/ Stephen J. Kastenberg_____
Stephen J. Kastenberg
Jeffrey S. Rosenblum
Amy Shellhammer
Pa. ID Nos. 70919, 28809 & 91804
kastenberg@ballardspahr.com
rosenblumjs@ballardspahr.com
shellhammera@ballardspahr.com
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
(215) 665-8500 (phone)
(215) 864-8999 (facsimile)

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this date I served a copy of the foregoing Pretrial

Memorandum upon below-listed counsel by ECF and such document is available for viewing

and downloading on the ECF system:

>Mary Ellen O'Laughlin, Esq.
>Klehr, Harrison, Harvey, Branzburg & Ellers, LLP
>260 South Broad Street
>Philadelphia, PA 19102
>(215) 569-2516
>*Attorney for Defendants*

Dated: March 19, 2010                           /s/ Amy Shellhammer
                                                Amy Shellhammer